IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br> *ex rel.* CHRIS PURCELL and <br> KIMBERLY GROOME, <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD SCIENCES, INC., <br><br> Defendant. | Case No. 21-MC-09005-SRB |

### ORDER

Before the Court is Plaintiffs-Relators' Motion to Compel Compliance with Third Party Subpoena. (Doc. #1.) Plaintiffs-Relators Chris Purcell and Kimberly Groome ("Plaintiffs-Relators") ask the Court to enter an Order compelling third party Darren Bjorn ("Bjorn") to produce documents pursuant to Federal Rule of Civil Procedure 45. Plaintiffs-Relators request, in the alternative, that the instant motion be transferred to the Honorable Mark A. Kearney of the U.S. District Court for the Eastern District of Pennsylvania for resolution. For the reasons stated below, the Court finds transfer of this matter appropriate under Rule 45(f).

I. **BACKGROUND**

A brief background of this case is as follows. Plaintiffs-Relators are former employees of Defendant Gilead Sciences, Inc. ("Gilead") who brought an action on behalf of the United States as well as the states of California, Illinois, New York, New Jersey, and Texas (collectively, the "Government") under the False Claims Act ("FCA") and analogous states statutes. Plaintiffs-Relators allege Gilead paid illegal kickbacks to healthcare providers to prescribe two of its drugs used to treat hepatitis B. Bjorn is also a former employee of Gilead. Plaintiffs-Relators filed suit

in the U.S. District Court for the Eastern Pennsylvania, where the action remains pending before Judge Kearney.

Beginning in November 2020, Bjorn and Plaintiffs-Relators' counsel engaged in a series of discussions regarding a subpoena for the production of the documents that are now the subject of this motion. At some point, Bjorn indicated that he possessed some responsive text messages, but believed they were of minimal significance and declined to produce them. Plaintiffs-Relators now move this Court to compel Bjorn to comply with the subpoena and to produce the requested documents.

## II. LEGAL STANDARD

Rule 45 authorizes parties to legal proceedings to issue a subpoena compelling a nonparty to produce designated items in that nonparty's possession, custody, or control. "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The district court where compliance is required (the "Compliance Court") may transfer the motion to the court that issued the subpoena (the "Issuing Court") "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Plaintiffs-Relators do not indicate whether Bjorn consents to transfer, and the Court thus considers whether exceptional circumstances exist that warrant transfer of this motion.

Rule 45 does not define what constitutes "exceptional circumstances" under Rule 45(f). District courts considering whether to transfer a subpoena-related motion based on exceptional circumstances "consider a number of factors, including: the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Pete v. Big Picture Loans, LLC*, No. 19-MC-00077, 2019 WL 6250715, at *1 (D. Minn. Nov. 22, 2019) (citations omitted). "[T]he 'proponent of

2

Case 4:21-mc-09005-SRB   Document 5   Filed 02/17/21   Page 2 of 4

transfer bears the burden of showing [exceptional] circumstances are present.'" *Mueting, Raasch & Gebhart, P.A. v. PPG Indus., Inc.*, No. 18-MC-62, 2018 WL 3971945, at *1 (D. Minn. Aug. 20, 2018) (quoting Fed. R. Civ. P. 45 advisory committee notes).

### III. DISCUSSION

Upon review of the record, the Court finds exceptional circumstances in this case justify transfer. First, Plaintiffs-Relators have filed similar motions against Bjorn and "nine additional current and former Gilead employees in six other [district courts], seeking precisely the same types of documents at issue in this Motion." (Doc. #2, pp. 8–9.) The potential for inconsistent rulings on ten separate (but nearly identical) motions compelling compliance weighs heavily in favor of transfer. *See, e.g.*, *Big Picture Loans, LLC*, 2019 WL 6250715, at *1 (finding transfer under Rule 45(f) proper where the underlying litigation was "uniquely complex" and a ruling on the subpoena-related motion created a "significant risk of inconsistent decisions"). Transferring the instant motion also serves the interests of judicial economy, particularly given the complexity and extensiveness of the underlying litigation.

Furthermore, the presiding judge in the Issuing Court, Judge Kearney, is particularly and uniquely familiar with the circumstances of this case. The Court believes Judge Kearney is in a better position to answer the issues raised by the instant motion, including questions of relevancy and whether the request is overly broad or burdensome. *See, e.g.*, *Pactel Pers. Commc'ns v. JMB Realty Corp.*, 133 F.R.D. 137, 139 (E.D. Mo. 1990) ("[T]he Court finds that the issues would best be decided by the [issuing] court, which is familiar with the facts of this and the related case, and the posture of the parties."). On balance, the Court finds the potential for disrupting the Issuing Court's management of the underlying litigation outweighs Bjorn's interests in obtaining local resolution of the instant motion. *See Mueting, Raasch, & Gebhardt*, 2018 WL 3971945, at

*1 (citing *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 287 (D.D.C. 2015)) (also noting that Rule 45, like all rules of civil procedure, "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding" in accordance with Fed. R. Civ. P. 1). Finding that extraordinary circumstances in this case warrant its transfer, the Court grants Plaintiffs-Relators' motion to transfer pursuant to Rule 45(f).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs-Relators' Motion to Compel Compliance with Third Party Subpoena (Doc. #1) is **TRANSFERRED** forthwith to the United States District Court for the Eastern District of Pennsylvania for consideration by the Honorable Mark Kearney, in coordination with the related litigation, Case No. 17-cv-03523-MAK. The Clerk of Court is directed to close this case once transfer is completed and terminate the pending motion.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2021